OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
We agree with the Justice Court’s conclusion that the occupancy restriction in tenant’s section 8 (new construction) lease was mandated by the Department of Housing and Urban *495 Development pursuant to 24 CFR 880.606 (b) (1), which requires that such leases conform to the model lease in landlord’s approved final proposal, and thus that the restriction was not rendered unenforceable by Real Property Law § 235-f (2) (see Real Property Law § 235-f [8]; cf. Cuevas v Beacon Hous. Auth., 220 AD2d 179 [1996]). Although on appeal tenant contends that landlord failed to introduce the approved final proposal into evidence, tenant failed to raise this objection in the Justice Court and thus waived the objection (First Intl. Bank of Israel v Blankstein & Son, 59 NY2d 436 [1983]). In any event, inclusion of this lease provision in the model lease in landlord’s approved final proposal was mandatory (HUD Handbook on Occupancy Requirements of Subsidized Multifamily Housing Programs § 4-2 [b]; HUD Directive 4350.3). Inasmuch as the proof established that tenant violated the occupancy restriction in the lease and inasmuch as this lease restriction was mandatory under the federal scheme and thus not within the exception provided in Real Property Law § 235-f (8), a final judgment was properly awarded to landlord.
Lifson, J.P., Rudolph and Skelos, JJ., concur.